United States District Court
Southern District of Texas
**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NICHOLAS THOMPSON,                    §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §    Civil Action No. H-25-5596
                                      §
HITEK FILMS LLC, *et. al.*,           §
                                      §
        Defendants.                   §

## ORDER

Pending before the Court is Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 2). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the motion should be granted in part and denied in part.

## I. BACKGROUND

This matter involves an employment dispute. In early 2023, Plaintiff Nicholas Thompson was recruited to work for Defendant Hitek Films LLC ("Hitek"). In June 2023, Plaintiff, while working for Hitek, suffered a serious spinal fracture. Plaintiff alleges that, after requesting reasonable adjustments to perform his job following the injury, he was retaliated against and ultimately was forced to leave his position with Hitek. Plaintiff further alleges that, following the end of his employment, Hitek refused to return his personal Facebook account and tools which had been used in

the course of his employment at Hitek. Lastly, Plaintiff alleges that Hitek failed to pay the promised $25,000 severance.

Based on the foregoing, on October 25, 2025, Plaintiff filed suit in the 270th District Court of Harris County, Texas, asserting claims against Hitek and Does 1– 25 for: (1) fraudulent inducement; (2) "retaliation (workers' compensation)"; (3) "retaliation (Texas Labor Code § 21.055)"; (4) disability discrimination under both Texas Labor Code § 21.055 and the Americans with Disabilities Act ("ADA"); (5) breach of contract; (6) promissory estoppel; (7) conversion; (8) "unjust enrichment/quantum meruit"; (9) negligent misrepresentation; (10) "breach of implied covenant of good faith and fair dealing"; (11) "tortious interference with property rights"; (12) "intentional infliction of emotional distress"; and (13) declaratory judgment.[1] On November 20, 2025, Hitek removed the matter to this Court pursuant to federal question jurisdiction.[2] Also on November 20, 2025, Hitek moved to dismiss Plaintiff's following claims: (1) ADA claim; (2) fraudulent inducement; (3) "retaliation as to Workers' Compensation"; (4) "retaliation under the Texas Labor Code"; (5) conversion; (6) "unjust enrichment/quantum meruit"; (7) negligent misrepresentation; (8) "breach of implied covenant of good faith and fair dealing"; (9) "tortious interference with property rights"; (10) "intentional

---

[1] *Notice of Removal*, Document No. 1, Exhibit 1 at 8–19 (*Plaintiff's Complaint*).

[2] *See Notice of Removal*, Document No. 1 at 1.

2

infliction of emotional distress"; and (11) declaratory judgment.[3] On March 3, 2026, Plaintiff responded in opposition.[4]

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[3] *Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 2–7.

[4] *See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 1; the Court notes *Order Granting Motion for Leave to File Response*, Document No. 12 at 1.

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III.  LAW & ANALYSIS

Hitek moves to dismiss several of Plaintiff's claims, contending that Plaintiff fails to state a claim upon which relief can be granted.[5] In response, Plaintiff contends that his claims are sufficiently pled under Rule 8(a)(2). The Court will consider, in turn, the claims that Hitek moves to dismiss. Lastly, the Court will consider Plaintiff's pending claims against Does 1–25.

### 1.  ADA Claim

Hitek contends that Plaintiff's ADA claim should be dismissed for failure to state a claim upon which relief can be granted. In response, Plaintiff contends that his ADA claim is sufficiently pled and that Hitek's contentions are "factually incorrect and legally moot."[6] The ADA defines a disability, in relevant part, as "a

---

[5] The Court notes that Hitek does not move to dismiss Plaintiff's claims for: (1) disability discrimination under Texas Labor Code § 21.055; (2) promissory estoppel; and (3) breach of contract. As such, those claims remain pending against Hitek and are not addressed in the present Order.

[6] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 3.

physical or mental impairment that substantially limits one or more major life activities of such individual[.]" 42 U.S.C. § 12102(1)(A).

Here, Hitek's sole ground for dismissal of Plaintiff's ADA claim is its contention that "Plaintiff did not allege either a specific injury or a discrete incident[.]"[7] In response, Plaintiff points to Hitek's own motion in which it admits that "Plaintiff alleges he was 'injured in June 2023.'"[8] Plaintiff further contends that his allegations of failure to accommodate are sufficient to allege a discrete incident. The Court has reviewed Plaintiff's Complaint and notes that Plaintiff clearly pleads that he "sustained a serious spinal fracture" and that he "requested reasonable accommodations" which were met with Hitek restricting his access, stripping him of meaningful responsibilities, and excluding him from normal operations.[9] Based on the foregoing, and the clear language of the ADA, the Court finds that Plaintiff has sufficiently pled both a specific injury and a discrete incident. As such, the Court finds that Hitek's motion should be denied with respect to Plaintiff's ADA claim. The Court will now consider Hitek's motion with respect to Plaintiff's claim for fraudulent inducement.

---

[7] *Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 3.

[8] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 3 (citation omitted).

[9] *Plaintiff's Complaint, supra* note 1 at 12.

5

*2. Fraudulent Inducement Claim*

Hitek contends that "Plaintiff's Cause of Action for Fraudulent Inducement . . . fails to plead fraud with any specificity as is required by Fed. R. Civ. P. 9(b)[.]"[10] In response, Plaintiff contends that his fraudulent inducement claim is sufficient under Rule 9(b).[11] Federal Rule of Civil Procedure Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In Texas, "[a] promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made." *Schindler v. Austwell Farmers Coop.*, 841 S.W.2d 853, 854 (Tex. 1992).

Here, Hitek contends that "Plaintiff lists terms of employment that do not indicate fraud[.]"[12] In response, Plaintiff contends that he has sufficiently pled the "'who, what, when, where, and how'" of the fraud.[13] The Court notes that Hitek

---

[10] *Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 3.

[11] *See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 4.

[12] *Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 3.

[13] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 4 (citation omitted).

6

provides no supporting authority to support its contention that promises of employment terms cannot indicate fraud if they are knowingly false when made. The Court has reviewed Plaintiff's Complaint in this matter and notes Plaintiff's allegations that Hitek "made specific, material representations to Plaintiff" and that Hitek knew the representations "were false when made."[14] The Court further notes that Plaintiff lists four specific representations that he alleges were fraudulently made.[15] Based on the foregoing, and the clear guidance of the Texas Supreme Court that a promise of future performance can be actionable for the purposes of fraud, the Court finds that Plaintiff's fraudulent inducement claim is sufficiently pled under Rule 9(b). As such, the Court finds that Hitek's motion should be denied with respect to Plaintiff's fraudulent inducement claim. The Court will now consider Hitek's motion with respect to Plaintiff's breach of the implied covenant of good faith and fair dealing claim.

### 3. Breach of Implied Covenant of Good Faith and Fair Dealing Claim

Hitek contends that Plaintiff's claim for breach of implied covenant of good faith and fair dealing should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff offers no rebuttal with respect to this claim. The Texas

---

[14] *Plaintiff's Complaint, supra* note 1 at 8–9.

[15] *See Plaintiff's Complaint, supra* note 1 at 8 (particularly noting Hitek's alleged representation that "Plaintiff would be considered for partnership or ownership opportunities if he joined[.]").

Supreme Court has long held that "there is no duty of good faith and fair dealing in the employment context[.]" *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000).

Here, Hitek contends that "[i]t can be reasonably inferred from Plaintiff's state court petition that his causes of action arise as a result of his employment with Defendant" and thus that "Plaintiff has failed to state a claim upon which relief can be granted for his claim for breach of implied covenant of good faith and fair dealing."[16] Plaintiff offers no rebuttal as to this point. Based on the foregoing, and the clear guidance of the Texas Supreme Court that no duty of good faith and fair dealing exists within the employment context, the Court finds that Plaintiff's claim for breach of implied covenant of good faith and fair dealing fails to state a claim upon which relief can be granted. As such, the Court finds that Hitek's motion should be granted with respect to Plaintiff's claim for breach of implied covenant of good faith and fair dealing. The Court will now consider Hitek's motion with respect to Plaintiff's retaliation claims.

### 4. Retaliation Claims

Plaintiff brings claims for retaliation under workers' compensation and Texas Labor Code § 21.055. Hitek contends that both claims should be dismissed for

---

[16] *Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 6.

8

failure to state a claim upon which relief can be granted. In response, Plaintiff contends that both claims are sufficiently pled. The Texas Labor Code states, in relevant part, that "[a] person may not discharge or in any other manner discriminate against an employee because the employee has . . . instituted or caused to be instituted in good faith a proceeding under Subtitle A[.]" Tex. Lab. Code § 451.001. The Texas courts have interpreted "instituted" broadly to include when an employee "informs his employer of his on-the-job injury." *Salas v. Fluor Daniel Services Corporation*, 616 S.W.3d 137, 148 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Furthermore, § 21.055 of the Texas Labor Code makes it unlawful for an employer to retaliate against a person who "(1) opposed a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." Tex. Lab. Code § 21.055.

Here, Hitek contends that both claims should be dismissed because Plaintiff "does not plead that he performed the protected activities identified[.]"[17] In response, Plaintiff contends that "Plaintiff's allegation that he was injured and that his employment ended shortly thereafter creates a reasonable inference that he reported

---

[17] *Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 6.

the injury and was terminated in anticipation of his claim."[18] With respect to Plaintiff's retaliation claim under workers' compensation and the Texas Labor Code § 451.001, the Court finds that, based on the foregoing, and the clear guidance of the Texas courts, Plaintiff instituted or caused to be instituted a proceeding when he reported his on-the-job injury. As such, the Court finds that Plaintiff's retaliation claim under workers' compensation and the Texas Labor Code § 451.001 is sufficiently pled, and thus, that Hitek's motion should be denied with respect to this claim. The Court now turns to Plaintiff's retaliation claim under the Texas Labor Code § 21.055.

The Court notes Plaintiff's complaint in which Plaintiff contends that he "engaged in a protected activity under the Texas Commission on Human Rights Act (TCHRA), Texas Labor Code § 21.055, when he: a. Reported his workplace injury and requested accommodations[.]" Hitek contends that this claim should be dismissed because Plaintiff has not pled that he performed the required protected activity.[19] The Court notes the aforementioned language of Texas Labor Code § 21.055 and notes that reporting a workplace injury is not protected by § 21.055 as Plaintiff represents in his Complaint. *See* Tex. Lab. Code § 21.055. Based on the

---

[18] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 5.

[19] *See Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 6.

foregoing, the Court finds that the proper retaliation claim in this matter is one brought under workers' compensation and Texas Labor Code § 451.001, not under § 21.055. As such, the Court finds that Hitek's motion should be granted with respect to Plaintiff's § 21.055 retaliation claim. The Court will now consider Hitek's motion with respect to Plaintiff's intentional infliction of emotional distress ("IIED") claim.

### 5. IIED Claim

Hitek contends that Plaintiff's claim for IIED should be dismissed because it fails to state a claim upon which relief can be granted. In response, Plaintiff contends that this claim is sufficiently pled. To recover for IIED, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *See Standard Fruit and Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). For conduct to be extreme and outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). Lastly, the Court notes that "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery[.]" *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993) (citation omitted).

11

Plaintiff contends that "Defendant's conduct–including retaliating against Plaintiff after his spinal injury, stripping him of responsibilities, denying severance, seizing his personal account, and withholding his property--was extreme and outrageous[.]"[20] Hitek contends that this claim should be dismissed because Plaintiff fails to specify "how [Hitek's conduct] was extreme and outrageous[.]"[21] In response, Plaintiff contends that "[w]hile it is for the Court to determine in the first instance whether conduct may be regarded as extreme and outrageous, where reasonable minds may differ, it is for the jury to determine whether the conduct has been sufficiently extreme and outrageous to result in liability[.]"[22] The Court has reviewed Plaintiff's Complaint, in detail, and notes the aforementioned conduct that Plaintiff contends was extreme and outrageous. The Court finds that the conclusory references to retaliation, loss of responsibility, and withholding of property are insufficient to raise to the level of extreme and outrageous.[23] Based on the foregoing, and the Texas Supreme Court's clear guidance that extreme and outrageous conduct

---

[20] *Plaintiff's Complaint, supra* note 1 at 19.

[21] *Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, Document No. 2 at 6.

[22] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 7.

[23] The Court notes that this is an employment dispute involving what appears to be a contentious separation between an employee and employer. The Court declines to find that such contentious separation rises to the level of extreme and outrageous.

is required to recover for IIED, the Court finds that Plaintiff has failed to state a claim with respect to his IIED claim. As such, the Court finds that Hitek's motion should be granted with respect to Plaintiff's IIED claim. The Court will now consider Hitek's motion as it relates to Plaintiff's remaining claims.

### 6. Remaining Claims

Hitek moves to dismiss Plaintiff's claims for conversion, unjust enrichment, negligent misrepresentation, and tortious interference, contending that the two-year statute of limitations bars recovery for these claims. In response, Plaintiff contends that Hitek's motion ignores the "Discovery Rule and the Continuing Tort Doctrine[.]"[24] The discovery rule can defer the time that the statute of limitations begins to run under limited circumstances. *S.V. v. R.V.*, S.W.2d 1, 4 (finding that sometimes "an action does not accrue until the plaintiff knew . . . of the wrongful act and resulting injury.") (citation omitted). The continuing tort doctrine states that, in some cases, "[a] cause of action for a continuing tort does not accrue until the defendant's tortious act ceases." *Upjohn v. Freeman*, 885 S.W.2d 538, 542 (Tex. App.—Dallas 1994, writ denied).

Here, Hitek contends that the statute of limitations for the aforementioned claims began to run on or about June 2023, and thus, that recovery is barred. In

---

[24] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 5.

13

response, Plaintiff simply states that Hitek's motion ignores the discovery rule and continuing tort doctrine.[25] Given that this matter is currently at the pleadings stage, the Court finds that it is unable to determine when the statute of limitations began to run with respect to the aforementioned claims.[26] Based on the foregoing, and the clear guidance of the Texas courts allowing for exceptions to the standard rule that the statute of limitations begins to run at the time the claim accrues, the Court finds that Plaintiff's claims are sufficiently pled for the purposes of Rule 8(a)(2). As such, the Court finds that Hitek's motion to dismiss should be denied with respect to the remaining claims.[27]

### 7. Plaintiff's Claims Against Does 1–25

The Court notes Plaintiff's Complaint stating, in relevant part, that "Plaintiff is presently unaware of the true names and capacities of additional individual decision-makers and entities who participated in or ratified the wrongful acts

---

[25] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Under Fed. R. Civ. P. (12)(b)(6)*, Document No. 13 at 5–6.

[26] The Court finds that, considering that the claims in this matter are all related to the same employment dispute and that Plaintiff alleges some of his personal property has still not been returned, it is unable to determine, at this stage, if the discovery rule and/or the continuing tort doctrine are applicable in this matter.

[27] The Court further finds that, considering the Court's finding that the motion to dismiss should be denied with respect to the aforementioned tort claims, Hitek's motion to dismiss Plaintiff's claim for declaratory judgment should be denied.

14

described herein."[28] As such, the Court further notes Defendants Does 1–25's presence in this matter.

This matter was originally filed on October 25, 2025.[29] Nothing in the record indicates that Defendants Does 1–25 have been served in compliance with the Federal Rules of Civil Procedure. If a defendant is not served within ninety days after the complaint is filed, the Court must: (1) dismiss the action without prejudice; or (2) order service be made within a specified time. Fed. R. Civ. P. 4(m). It has been well over ninety days since the complaint was filed. Therefore, the Court finds that Plaintiff has failed to serve Defendants Does 1–25 in accordance with the Federal Rules of Civil Procedure, and thus, that Plaintiff's claims against Defendants Does 1–25, to the extent he brings any, should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 2) is **GRANTED IN PART** with respect to Plaintiff's claims for: (1) breach of implied covenant of good faith and fair dealing; (2) retaliation under the Texas Labor Code § 21.055; and (3) intentional infliction of emotional distress. The Court further

---

[28] *Plaintiff's Complaint, supra* note 1 at 2.

[29] *Plaintiff's Complaint, supra* note 1 at 1.

15

**ORDERS** that Defendant Hitek Film's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 2) is **DENIED IN PART** with respect to all other claims not noted immediately above. The Court further

**ORDERS** that Plaintiff's claims against Defendant Hitek Films LLC for breach of implied covenant of good faith and fair dealing, retaliation under the Texas Labor Code § 21.055, and intentional infliction of emotional distress are hereby **DISMISSED**. The Court further

**ORDERS** that Plaintiff's claims against Does 1–25, to the extent any are brought, are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this __2__ day of July, 2026.

DAVID HITTNER
United States District Judge

16